UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

```
_____
                                       )
FRANK LYNOTT,                          )
                                       )    Case No. C14-503RSL
                    Plaintiff,         )
        v.                             )
                                       )    ORDER DENYING MOTION
LAURIE A. LUCKOVICH, et al.,           )    FOR PROTECTIVE ORDER
                                       )
                    Defendant.         )
_____)
```

This matter comes before the Court on "Plaintiff's Motion for Protective Order." Dkt. # 27. Plaintiff claims that the subpoena duces tecum, seeking production of all documents related to financial transactions between plaintiff and his son Larry Lynott from January 1, 2007 through the date of the response to the subpoena, does not meet the requirements of FRCP 26(b)(1). Plaintiff consequently asserts that the Court should grant a protective order, as well as prohibit defendant from inquiring into the financial transactions during Larry Lynott's deposition. Defendant alleges that the documents and testimony are relevant to her defense and the Court should therefore deny plaintiff's motion.

Having reviewed the memoranda, declarations and exhibits submitted by the parties, the Court finds as follows:

ORDER DENYING MOTION
FOR PROTECTIVE ORDER

The federal rules impose clear duties to disclose in response to formal discovery requests and are ordinarily "accorded a broad and liberal treatment." Hickman v. Taylor, 329 U.S. 495, 507 (1947).  Parties may be compelled to produce evidence "regarding any nonprivileged matter that is relevant to any party's claim or defense" or "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." FRCP 26(b)(1).  The liberal discovery rules serve "the integrity and fairness of the judicial process by promoting the search for truth." Shoen v. Shoen, 5 F.3d 1289, 1292 (9th Cir. 1993).

Plaintiff is withholding financial documents requested by the subpoena, asserting that the documents are neither relevant to defendant's defense nor reasonably calculated to lead to the discovery of admissible evidence.  However, plaintiff concedes that the requested documents are relevant if "it is Laurie Luckovich's contention that some portion of the funds or assets that are alleged to have been received by one or more of the defendants was in fact delivered to Larry Lynott instead." Dkt. # 27 at 5.  Defendant makes this precise claim, stating: "Plaintiff gave Larry $50,000 for investment in Patco, which Plaintiff claims Ms. Luckovich received and he should now recover from her." Dkt. # 30 at 6.  The requested financial documents relate to defendant's defense and thus meet the relevancy standard under FRCP 26(b)(1).

Moreover, plaintiff's financial transactions with his son are relevant to defendant's defense against plaintiff's assertion that he was vulnerable[1] and susceptible to undue influence.[2]  Defendant can rebut plaintiff's claim of undue influence with evidence demonstrating that

---

[1] For example, plaintiff claims he was "single, advancing in age, in need of assistance in his retirement years, and vulnerable . . . ." Dkt. # 1 at 11.

[2] "Undue influence has been described as tantamount to force or fear which destroys . . . . free agency and constrains him to do what is against his will." In re Melter, 167 Wn. App. 285, 306 (2012) (internal quotation marks and citations omitted).

ORDER DENYING MOTION
FOR PROTECTIVE ORDER                             -2-

plaintiff "was acting independently." <u>Kitsap Bank v. Denley</u>, 177 Wn. App 559, 579 (2013). Plaintiff's financial transactions with his son are relevant as to plaintiff's mental capacity and ability to effectively manage his affairs. The financial documents are therefore relevant under FRCP 26(b)(1) as to whether defendant exercised undue influence.

For all of the foregoing reasons, the Court finds that plaintiff has not shown good cause for a protective order. The motion for protective order and request to prohibit defendant from inquiring into financial transactions during Larry Lynott's deposition are therefore DENIED. Plaintiff shall, within seven days of the date of this Order, respond to the outstanding discovery.

Dated this 31st day of July, 2014.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION
FOR PROTECTIVE ORDER                -3-