UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FRANK LYNOTT,

          Plaintiff,

    v.

LAURIE A. LUCKOVICH, et al.,

          Defendant.

Case No. C14-503RSL

ORDER APPOINTING LARRY LYNOTT AS "NEXT FRIEND" UNDER RULE 17(c)(2)

This matter comes before the Court on plaintiff's "Motion for Appointment of Larry Lynott as FRCP 17(c)(1) Representative." Dkt. # 113. The Court has already found, and the parties agree, that the named plaintiff, Frank Lynott, suffers from a demonstrated inability to adequately manage his affairs and lacks the cognitive abilities to effectively manage or participate in this litigation. Larry Lynott, who lives with his father and holds his Durable Power of Attorney, filed this motion for authorization to pursue this litigation in a representative capacity under Fed. R. Civ. P. 17(c). Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

(1) This matter can be decided on the papers submitted. Plaintiff's request for oral argument is DENIED.

(2) Up until this point, Frank Lynott has pursed this litigation in his individual capacity,

ORDER APPOINTING LARRY LYNOTT
AS "NEXT FRIEND" UNDER RULE 17(c)(2)

without a representative. Although the Deadman's Statute, RCW 5.60.030, will apply once a representative is appointed, its constraints do not apply to the resolution of this motion.

(3) The declarations offered by the parties have been considered only to the extent the witnesses have personal knowledge of the events or statements recounted.

(4) Larry Lynott argues that the Durable Power of Attorney granted him by his father makes him a "representative" for purposes of Rule 17(c)(1). The specific examples of "representatives" set forth in the rule, namely general guardians, committees, and conservators, all share a common characteristic: they describe persons or entities who have been duly appointed by a judicial or other public authority to represent the interests of another. Using the *ejusdem generis* cannon of statutory interpretation, the phrase "a like fiduciary" in Rule 17(c)(1)(D) should be interpreted in such a way that the general term is restricted to fiduciary relationships having characteristics similar to the specifically enumerated terms. Harrison v. PPG Indus., Inc., 446 U.S. 578, 588 (1980); In re U.S. for an Order Authorizing Roving Interception of Oral Communications, 349 F.3d 1132, 1142 (9th Cir. 2003). Because the Durable Power of Attorney on which Larry relies is a purely private arrangement between father and son, the Court finds that the fiduciary duties arising therefrom are not "like" for purposes of Rule 17(c)(1). See Leake v. McAlister, 2009 WL 1953446, at * 5 (S.D.N.Y. July 1, 2009) ("[A]n attorney who has been privately retained (presumably by Ms. Leake) to prosecute an action, rather than one appointed by a court or public authority to protect the rights and interests of Mr. Leake generally, is not a 'like fiduciary' for purposes of Rule 17(c)(1).").

(5) As noted above, Frank is no longer capable of controlling or participating in this litigation. Because he is currently pursuing his claims without the benefit of a representative, the Court has a duty to "take whatever measures it deems proper to protect an incompetent person during litigation." U.S. v. 30.64 Acres of Land, 795 F.2d 796.805 (9th Cir. 1986). Rule 17(c)(2) specifically provides for the appointment of either a "next friend" or a guardian ad litem in these

circumstances. Appointment as a "next friend" may be appropriate if the putative friend shows that the injured party "is unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability; and . . . [that] the next friend has some significant relationship with, and is truly dedicated to the best interests of" the plaintiff. Coalition of Clergy, Lawyers, and Professors v. Bush, 310 F.3d 1153, 1159 (9th Cir. 2002). Frank's incapacity and his relationship to Larry are not in dispute. Defendant Luckovich argues, however, that Larry is not truly dedicated to Frank's best interests, being more interested in Frank's money than his general well-being. Be that as it may,[1] Frank initiated this litigation to pursue recovery of funds lent to or invested with defendant Luckovich, a purpose which is entirely consistent with the motives and interests defendant ascribes to Larry. There is no reason to suspect that Larry's interests with regards to this litigation will diverge from the course already set by his father. The Court therefore finds that appointing Larry Lynott as his father's "next friend" for the purpose of litigating this case is appropriate.

For all of the foregoing reasons, Larry Lynott's alternative request for authorization to represent Frank Lynott's interests in this litigation as a "next friend" is hereby GRANTED.

Dated this 24th day of April, 2015.

*Robert S. Lasnik* (signature)
Robert S. Lasnik
United States District Judge

---

[1] If one or more of Frank's other children believe that Larry has breached the fiduciary duties imposed by the Durable Power of Attorney, their recourse lies outside of this litigation.

ORDER APPOINTING LARRY LYNOTT
AS "NEXT FRIEND" UNDER RULE 17(c)(2)          -3-