UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ESTATE OF FRANK B. LYNOTT, by and through BRUCE R. MOEN, personal representative,<br><br>            Plaintiff,<br><br>   v.<br><br>LAURIE A. LUCKOVICH, *et al*.,<br><br>            Defendants. | No. C14-0503RSL<br><br>ORDER GRANTING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

     This matter comes before the Court on "Defendants Daryl Trevor Reiche and Debra K. Campbell's Motion for Summary Judgment of Dismissal." Dkt. # 273. Plaintiff alleges that defendants Reiche and Luckovich engaged in a scheme to defraud Frank Lynott, now deceased, by using his money to purchase and remodel eight properties without compensation and that defendant Campbell breached her duties to Frank Lynott as the Designated Broker and/or agent on the transactions. Reiche and Campbell seek summary judgment on all of the claims against them.

     Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact that would preclude the entry of

judgment as a matter of law. The party seeking summary dismissal of the case "bears the initial responsibility of informing the district court of the basis for its motion" (Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)) and "citing to particular parts of materials in the record" that show the absence of a genuine issue of material fact (Fed. R. Civ. P. 56(c)). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate "specific facts showing that there is a genuine issue for trial." Celotex Corp., 477 U.S. at 324. The Court will "view the evidence in the light most favorable to the nonmoving party . . . and draw all reasonable inferences in that party's favor." Krechman v. County of Riverside, 723 F.3d 1104, 1109 (9th Cir. 2013). Summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor. FreecycleSunnyvale v. Freecycle Network, 626 F.3d 509, 514 (9th Cir. 2010).

Having reviewed the memoranda, declarations, and exhibits submitted by the parties,[1] the Court finds as follows:

For purposes of this motion, the Court will assume that defendant Luckovich was engaged in a multi-year scheme to separate Frank Lynott from his money by convincing him to invest in properties that Ms. Luckovich would remodel and sell at a profit. Instead, Ms. Luckovich made only limited efforts to renovate or remodel the properties, used the rest of the money for her own personal uses, and sold the properties for a loss.

---

[1] The Court finds that this matter can be decided on the papers submitted. Defendants' request for oral argument is therefore DENIED. The last sentence of ¶ 2.5 of the Reiche declaration is without foundation, violates the Deadman's Statute, and has not been considered. Defendants' motion to strike Mr. Bowlds deposition testimony regarding five real estate listings in which defendant Campbell is identified as the agent or co-agent is DENIED.

**A. Daryl Trevor Reiche**

Mr. Reiche acknowledges that he oversaw the remodel, renovation, and landscaping activities at a number of the properties that Mr. Lynott and Ms. Luckovich purchased together. He denies any wrongdoing, however, and demands that plaintiff come forward with admissible facts giving rise to an inference of fraud on his part. Plaintiff has failed to do so.

Plaintiff argues that Mr. Reiche must have been involved in defendant Luckovich's assumed scheme based on the following facts: (1) Mr. Reiche and Ms. Luckovich were (and potentially are) in an intimate relationship, (2) Mr. Reiche renovated many of the properties Ms. Luckovich purchased with Mr. Lynott, (3) Ms. Luckovich gave Mr. Reiche money so that he could pay the employees, subcontractors, and vendors who worked on the projects, and (4) Mr. Reiche was extremely knowledgeable about the work performed and expenses incurred at each project.[2] None of the things of which Mr. Reiche is accused are illegal or unlawful, however, and they are all entirely consistent with Mr. Reiche providing project management services for purchasers who were flipping houses. Plaintiff offers no evidence that Mr. Reiche knew, must have known, or even should have known that Ms. Luckovich was allegedly swindling Mr. Lynott on the projects. If Ms. Luckovich were engaged in a Ponzi scheme or were siphoning off

---

[2] Plaintiff also argues that an inference of illegality or fraudulent intent on Mr. Reiche's part arises from "his admission" that it was he, rather than Ms. Luckovich, who accounted for what was done with money received from Frank Lynott. Dkt. # 280 at 18. There is no evidence of such an admission, however. Plaintiff submits a copy of its complaint, in which it alleges that Mr. Reiche made notations on a list of checks provided by plaintiff's representatives. The allegations of the complaint are not, however, evidence. Even if one were to assume that Mr. Reiche made the notations, plaintiff offers no evidence regarding how the document was created. Much of the information contained in the handwritten notes regarding the projects was within Mr. Reiche's personal knowledge, and Mr. Reiche had access to Ms. Luckovich and her input throughout the relevant time frame.

funds for personal use, such malfeasance involved financing and record keeping -- activities in which Mr. Reiche was not involved -- and would not be readily apparent to the person managing the actual remodels.

In addition to the innocuous facts set forth above, plaintiffs rely heavily on the expert opinions of Patrick C. Jerns and Linda L. Saunders to show that Mr. Reiche was a knowing participant in Ms. Luckovich's assumed fraud. Plaintiff's reliance on these experts is, for the most part, misplaced and unavailing. An expert can opine only within his or her area of expertise. Thus, the only admissible opinions offered by Mr. Jerns have to do with the professional obligations and standards applicable to real estate brokers, managing brokers, and real estate companies. Dkt. # 290 at 19. The only admissible opinions offered by Ms. Saunders involve tracking the flow of money related to Mr. Lynott's financial investments and/or comparing Ms. Luckovich's accounting methods with generally applicable standards.

Neither expert has offered an opinion within their area of expertise regarding Mr. Reiche. Instead, the experts attempt to establish underlying facts by fiat. Mr. Jerns declares, for example, that Mr. Reiche is not a licensed contractor, but provides no evidence of that fact or any indication that he did an appropriate records search. Dkt. # 290 at 27. Ms. Saunders states that Mr. Reiche purchased or was given a truck using money Mr. Lynott invested on March 16, 2012, but makes no effort to explain how an October 2011 vehicle title registered to one of Ms. Luckovich's companies supports such a statement. Dkt. # 291 at 3 and 42. The experts also draw inferences, make credibility findings, and offer opinions on legal liability. Their reports, if accepted, would displace both the fact finder and the Court, offering opinions that require no expertise at all or, at other points, offering opinions for which the necessary expertise is entirely

lacking. Ms. Saunders, for example, opines that Ms. Luckovich and Mr. Reiche will likely be "jointly and severally liable for all intentional and unintentional wrongful acts taken by either of them." Dkt. # 291 at 17. Mr. Jerns concludes that the scope of Ms. Luckovich's alleged fraud shows that it could have existed only with the knowing participation of Mr. Reiche. Dkt. # 290 at 32. Shorn of the inadmissible conjecture and supposition contained in the reports, the actual facts regarding Mr. Reiche cannot reasonably support a finding of liability in this action.

**B. Debra K. Campbell**

Ms. Campbell is the "Designated Broker" for defendant Investors Choice Real Estate, LLC, one of Ms. Luckovich's companies. She was also the real estate agent or, along with Ms. Luckovich, a co-agent on five of the listings for properties in which Mr. Lynott had invested. Plaintiff maintains that Ms. Campbell negligently supervised Ms. Luckovich, which allowed the alleged scheme to continue for an extended period of time and increased the resulting damage. See Dkt. # 290 at 23.[3] It is not entirely clear what duty Ms. Campbell is accused of having violated, however. In its complaint, plaintiff cites to whole chapters of the Revised Code of Washington. The legal argument portion of plaintiff's response memorandum merely challenges Ms. Campbell's factual contentions regarding the number of transactions in which she was involved and causation. Dkt. # 280 at 21-22. No statutory or regulatory duties are identified. The fact section of the memorandum cites a number of statutory provisions, but relies on Mr. Jerns'

---

[3] In Mr. Jerns' opinion, Ms. Campbell is also guilty of fraud. He opines that Ms. Campbell knowingly worked with Ms. Luckovich "for the sole purposes of scamming and defrauding Mr. Lynott of his financial assets." Dkt. # 290 at 21. Plaintiff has not, however, asserted any fraud-based claims against Ms. Campbell and is instead pursuing a negligence cause of action for breach of her profession duties. Dkt. # 280 at 21. Mr. Jerns' fraud opinions regarding Ms. Campbell are not germane to any claim or defense in the case and have been ignored.

expert report to explain how those provisions were violated in this case. For his part, Mr. Jerns identifies a long list of statutes and regulations that govern real estate brokers in Washington. Because he specifically asserts that Ms. Campbell breached duties owed under RCW 18.85.285 and RCW 18.86.030, the Court will analyze those provisions. Dkt. # 290 at 28.

RCW 18.85.285(1) requires real estate brokers to submit complete copies of their transactions to their firms and places the burden on the firm's Designated Broker to keep adequate records of those transactions including "an itemization of receipts and disbursements with each transaction." A common sense reading of the statute suggests that the Designated Broker's duty to maintain the records arises when the broker submits them to the firm. See RCW 18.85.275(2). Plaintiff has not shown that Ms. Campbell destroyed or otherwise failed to maintain records submitted by Ms. Luckovich in connection with the properties purchased and sold for Mr. Lynott. Rather, plaintiff argues that Ms. Campbell should have insisted on the submission of additional records and/or should have questioned the way certain investments were recorded. No breach of Ms. Campbell's Designated Broker duties under RCW 18.85.285(1) has been shown.

RCW 18.85.285(1) and RCW 18.86.030 impose duties on the real estate brokers, defined as anyone acting on behalf of a real estate firm that offers or performs real estate brokerage services. Those duties, which undoubtedly apply to Ms. Campbell, include the duty to exercise reasonable care, the duty to deal honestly and in good faith with all parties, the duty to disclose all material facts known by the broker that would not be apparent to or readily discernable by a party, the duty to account for all money and property received, and the duty to submit complete copies of their transaction files to their firms. Plaintiff suggests that, because Ms. Campbell was

ORDER GRANTING IN PART DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT          -6-

identified as a co-agent on listings for five of the subject properties, Ms. Luckovich's alleged breaches of these duties should be imputed to Ms. Campbell. Plaintiff makes no effort to show that Ms. Campbell had any actual involvement with these properties beyond being identified on the listing, that she dealt with Mr. Lynott or the purchasers at all, much less dishonestly, or that she had material facts and/or transaction files but failed to disclose them. Plaintiff's claim seems to be that Ms. Campbell breached her duty to exercise reasonable care by not scrutinizing Ms. Luckovich's activities more closely. As written, the duties imposed by these statutes are personal to the individual real estate broker. Plaintiff offers no case law, regulatory authority, or analysis that would make one agent responsible for another's malfeasance based solely on the fact that they appear on the same listing. Plaintiff has failed to show that Ms. Campbell personally breached any of the duties she owed to clients of the firm under RCW 18.85.285(1) or RCW 18.86.030.

Mr. Jerns also quotes RCW 18.85.275 in his expert report. This statute imposed duties on Ms. Campbell as the Designated Broker and required her to supervise the conduct of brokers working at the firm, including Ms. Luckovich, in order to ensure compliance with the duties imposed by RCW 18.86.030. Plaintiff's experts make no attempt to explain how a Designated Broker should fulfill this duty, instead merely equating the fact of Ms. Lukovich's alleged wrongdoing with a failure to supervise. Defendants' expert, Emil Bowlds, opines that the obligation to "supervise the conduct of brokers" is generally satisfied by maintaining policies that "admonish and instruct all affiliated licensees working with the firm to know and adhere to" their statutory duties. Dkt. # 278 at 8; WAC 308-124C-125. Mr. Bowlds acknowledges that a Designated Broker cannot simply rely on good policies if she becomes aware of breaches by a

real estate broker, but asserts that Ms. Campbell had "no knowledge of the scope of Luckovich's action [and] no documents, records, or funds delivered to the Designated Broker" (with the exception of one transaction for which the file was complete). Dkt. # 278 at 9. Plaintiff, on the other hand, points out that Ms. Campbell was an agent on four other sales of properties in which Mr. Lynott had invested and that funds dispersed in the transaction she did review were placed in Investors Choice Real Estate's general account in violation of RCW 18.85.285(5). There is no indication, however, that Ms. Campbell had or was obliged to have access to the company's financial accounts, so this troublesome sign would not have come to her attention.[4] Plaintiff does not address the fact that Ms. Campbell's participation in each transaction was limited: she was listed as a co-agent at the end of the alleged scheme, when the already-renovated properties were offered for sale. Nor does it identify any tell-tale signs of fraud that would have appeared in those transaction files to trigger a duty to investigate further. In the one file Ms. Campbell admittedly reviewed, the documentation appeared correct and would not cause suspicion. Dkt. # 278 at 9.

The Court declines plaintiff's invitation to equate the assumed existence of a lengthy and wide-ranging fraud perpetrated by Ms. Luckovich with negligence on Ms. Campbell's part. Without a plausible explanation for how Ms. Campbell would have known that the owner of her company -- who had unilateral control over the firm's financial records and engaged in business through other corporate entities -- was deceiving a client, plaintiff has failed to raise a genuine issue of fact regarding its negligence claim.

---

[4] Plaintiff incorrectly argues that Ms. Campbell could not be a Designated Broker unless she had control over the firm's finances. The term also includes persons with the ability to control only the operational decisions of the firm. RCW 18.85.011(8) and (10).

1       For all of the foregoing reasons, the claims against Mr. Reiche and Ms. Campbell are DISMISSED.

Dated this 22nd day of January, 2018.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge