UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ESTATE OF FRANK B. LYNOTT, by and through BRUCE R. MOEN, personal representative,

Plaintiff,

v.

LAURIE A. LUCKOVICH, *et al*.,

Defendants.

No. C14-0503RSL

ORDER FOR FURTHER BRIEFING

On January 22, 2018, the Court dismissed plaintiff's claims against defendants Daryl Trevor Reiche and Debra K. Campbell. Dkt. # 315. Plaintiff timely filed a motion for reconsideration, arguing that new evidence which could not be presented earlier to the Court justifies reversal.

Plaintiff has not shown that the Declaration of Eldon Faske could not have been brought to the Court's attention earlier with reasonable diligence. LCR 7(h)(1). Although the motion for summary judgment was noted for consideration on Friday, November 17, 2017, the Court did not issue its order until January 22, 2018. Not only did plaintiff fail to mention that there was additional evidence which it had been unable to obtain or to request a Rule 56(d) continuance in its opposition, but even after Mr. Faske became available in mid-December 2017, plaintiff failed

to supplement the record or indicate in any way that it now had evidence regarding an issue about which it had merely speculated in its opposition. Dkt. # 280 at 15-16.

Nevertheless, Mr. Faske offers evidence that throws into doubt whether the Office Policy Manual on which Ms. Campbell relied to show that she had satisfied her duty to supervise the conduct of brokers working at Investors Choice was in effect during the relevant time frame. The fact of the Manual's existence prior to 2015 was assumed by defendant's expert, Emil Bowlds, and plaintiff offered no evidence to the contrary. The Court relied on Mr. Bowlds' opinion that Ms. Campbell satisfied her obligation to supervise the conduct of the firm's brokers by maintaining those policies. If, as Mr. Faske suggests, the policies were not put into place until June 2015, the dismissal of the claims against Ms. Campbell should be reconsidered despite plaintiff's failure to timely present its evidence on this key issue.

Pursuant to LCR 7(h)(3), Ms. Campbell will be given an opportunity to respond to the motion for reconsideration and Mr. Faske's declaration. The Clerk of Court is directed to renote the motion (Dkt. # 326) on the Court's calendar for Friday, February 9, 2018. Ms. Campbell's response is due on February 7th, and plaintiff's reply is due on the note date. The motion for reconsideration is DENIED as to Mr. Reiche.[1]

Dated this 1st day of February, 2018.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[1] Mr. Faske's declaration sheds no light on Mr. Reiche's role in the alleged scheme to defraud plaintiff's decedent.