UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ESTATE OF FRANK B. LYNOTT, by and through BRUCE R. MOEN, personal representative,

Plaintiff,

v.

LAURIE A. LUCKOVICH, *et al*.,

Defendants.

No. C14-0503RSL

ORDER OF DISMISSAL AND REMAND

On April 7, 2014, the United States of America removed this action from Snohomish County Superior Court as of right. At the time, plaintiff was attempting to quiet title to real property on which the United States had a tax lien. The United States ultimately conceded that its lien was junior to that of defendant Eastside Funding, LLC, and that it had no further interest in the property. In March 2016, plaintiff and the United States negotiated an odd sort of non-dismissal: plaintiff agreed that the United States should be excused from further participation in the case and that all claims against is would be dismissed with prejudice, "but only <u>at the conclusion of the case</u> so as to avoid any questions about continuing federal jurisdiction over this matter." Dkt. # 210 at 2. The case has proceeded for another two years, during which time the Court has twice continued the trial date, once because of a medical crisis in defendant Laurie

Luckovich's immediate family and once because defendants had to seek and retain new counsel. The trial date has now been stricken in light of the many motions that are now pending and the thorny issues regarding the duties of real estate professionals in Washington State and the applicability of the Washington Deadman's Statute. The only dispositive ruling issued by the Court is now the subject of a motion for reconsideration based on plaintiff's belated disclosure of new evidence.

Plaintiff does not dispute that it has no claim against the United States, that its dispute with the United States has been resolved, and that the United States has no interest in this lawsuit. The claims against the United States are therefore DISMISSED with prejudice. This turn of events does not give rise to a jurisdictional issue, however. It is undisputed that when this case was removed to federal court, original jurisdiction over the claims asserted against the United States existed and the Court had supplemental jurisdiction over the related state law claims. 28 U.S.C. § 1367(a). The Court does not lose subject matter jurisdiction in these circumstances, but it has the discretion to decline to continue to exercise supplemental jurisdiction once the claim over which it had original jurisdiction is dismissed. Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)).

Pursuant to § 1367(c), the Court may decline to exercise supplemental jurisdiction if any one of the following factors is implicated:

(1) the claim raises a novel or complex issue of State law;

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction;

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

At least two, if not three, of the factors trigger the Court's discretion in this case: all claims over which the Court had original jurisdiction have been dismissed, the remaining state law claims dominate, and the Deadman's Statute issues are complex and will likely have a significant impact on the outcome of this litigation. "While discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c), it is informed by the Gibbs values of economy, convenience, fairness, and comity." Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 (9th Cir. 1997) (referring to United Mine Workers v. Gibbs, 383 U.S. 715 (1966)) (internal quotation marks omitted). In light of the surprisingly few substantive rulings made in this case to date, the exclusively state law matters at issue, the complexity of the evidentiary issues that will need to be resolved, and the fact that decisions regarding the duties of real estate professionals should be reviewed by the state appellate courts, not the Ninth Circuit, the Court finds that a remand is appropriate despite the passage of time since this case was removed.

Defendants' motion (Dkt. # 336) is GRANTED. The claims against the United States of America are DISMISSED with prejudice. The Clerk of Court is directed to remand the remaining state law claims to Snohomish County Superior Court.

Dated this 23rd day of March, 2018.

Robert S. Lasnik
United States District Judge